# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARCO DANE ACOFF,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:20-cv-00929-RDP-SGC |
| **WEXFORD HEALTH SOURCES, INC.,** et al., | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

On July 28, 2020, the Magistrate Judge entered a Report and Recommendation recommending this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). (Doc. 4). Plaintiff has filed objections to the Report and Recommendation and a motion to amend his complaint. (Docs. 5-6).

After having reviewed federal court records, the Magistrate Judge found Plaintiff had filed at least three previous cases which were dismissed as meritless, including: *Acoff v. Reevees, et al.*, No. 2:02-cv-02606-IPJ-JEO; *Acoff v. Deputy Cole, et al.*, No. 2:05-cv-00179-RDP-RRA; and *Acoff v. Austin, et al.*, Case No. 2:09-cv-00044-TMH-TFM (M.D. Ala. *filed* Jan 21, 2009). (Doc. 4 at 2-3). Pursuant to the Prison Litigation Reform Act and Eleventh Circuit case law, the Magistrate Judge noted a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates a subsequent lawsuit. *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The Magistrate Judge recognized that there is an exception to this rule (where a prisoner is "under imminent danger of serious physical injury"), but found Plaintiff's allegations did not satisfy that standard. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint alleges he was not fully informed of the potential side-effects of Paxil and Risperdal—medications he was prescribed to treat mental health problems. Plaintiff contends the medications caused erectile dysfunction and low sperm count, among other injuries; he asserts his physical injuries are serious and imminent because he "may not be able to have sex again or have kids." (Doc. 1 at 5, 20-34).

In his objections to the Magistrate Judge's Report, Plaintiff again points to undisclosed side effects from the medications, including prolonged erections, repeated urinary tract infections, and worsening eyesight. (Doc. 5 at 3–4). He complains prison doctors "still refuse to acknowledge that injuries are side-effects due to taking meds" and instead they opine Plaintiff's symptoms are due to his consumption of coffee and marijuana. (*Id.* at 3). Plaintiff reiterates that not having his injuries treated properly "may lead to me never being able to have sex or kids." (*Id.*).

Plaintiff's objections do not differ from the allegations in his complaint, and he has failed to show he is in "imminent danger of serious physical harm." 28 U.S.C. § 1915(g).[1] This is especially true given Plaintiff's admission he refused to take the offending medication starting in May 2020 and has since been "taken off both Paxil and Riperdal." (Doc. 1 at 23). In addition, Plaintiff's proposed amended complaint contains the same claims and, like his original complaint, fails to show imminent danger of serious physical danger. Accordingly, Plaintiff's pending motion to amend is **DENIED** as futile. (Doc. 6).

---

[1] Moreover, Plaintiff complains he has not received lab results from blood tests performed in May 2020. (Doc. 5 at 3). However, he admits doctors ordered lab work in response to his complaints. (*Id.*). He states he has repeatedly filled out sick calls about his issues and acknowledges he was seen by medical staff as recently as August 3, 2020. (*Id.*). Plaintiff argues the doctors do not acknowledge his injuries are a side-effect of the medication he was prescribed. (*Id.*). "However, the difference of opinion between an inmate and a medical doctor, or between two medical doctors, as to treatment and diagnosis of a medical condition is insufficient to state a claim of constitutional proportion." *Myers v. Corizon Medical Services*, No. 6:14-CV-1533-VEH-TMP, 2015 WL 5033209, at *3 (N.D. Ala. Aug. 25, 2015).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the objections to the Report and Recommendation, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** the Recommendation. Plaintiff's application to proceed *in forma pauperis* is **DENIED**. (Doc. 2). Because Plaintiff failed to pay the filing and administrative fees of $400.00 at the time he filed the complaint, this action is due to be dismissed without prejudice.

A separate order will be entered.

**DONE** and **ORDERED** this December 2, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE